SMITH v. FARLEY, State Excise Com'r, et al.

(Supreme Court, Appellate Division, Fourth Department. March 26, 1913.)

1. INTOXICATING LIQUORS (§ 34*)—LOCAL OPTION ELECTIONS.
    A valid submission of local option questions can only be had at a lawful election.
    [Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 42; Dec. Dig. § 34.*]

2. TOWNS (§ 21*)—TOWN MEETINGS—TIME OF HOLDING—STATUTES.
    A town meeting may be held in the spring of an even-numbered year, under Town Law (Consol. Laws 1909, c. 62) § 40, providing that they shall be held "either on some day between the first day of February and the first day of May, inclusive, or on the first Tuesday after the first Monday in November of an odd numbered year."
    [Ed. Note.—For other cases, see Towns, Cent. Dig. §§ 29, 30; Dec. Dig. § 21.*]

3. STATUTES (§ 197*)—CONSTRUCTION—"EITHER"—"OR."
    The word "or," when joining two clauses, precludes carrying over into the first clause provisions found in the last clause, unless it tends to defeat the plain intent of the Legislature; and where the word "or" is preceded by the word "either," it is never given a conjunctive meaning.
    [Ed. Note.—For other cases, see Statutes, Cent. Dig. § 275; Dec. Dig. § 197.*
    For other definitions, see Words and Phrases, vol. 3, pp. 2324, 2325; vol. 6, pp. 5002–5015; vol. 8, p. 7739.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. Towns (§ 21*)—Town Meetings—Time of Holding—Statutes.

Laws 1897, c. 481, in effect providing that town officers should not be elected in even years, does not prohibit the holding of town meetings in such years.

[Ed. Note.—For other cases, see Towns, Cent. Dig. §§ 29, 30; Dec. Dig. § 21.*]

Appeal from Orleans County Court.

Action by Joseph M. Smith against William W. Farley, as State Commissioner of Excise, and 'others. From an order denying a motion for judgment on the pleadings, plaintiff appeals. Affirmed.

Argued before McLENNAN, P. J., and KRUSE, ROBSON, FOOTE, and LAMBERT, JJ.

Irving L'Hommedieu, of Medina, for appellant.
Isaac S. Signor, of Albion, for respondents.

LAMBERT, J. [1] This action is in equity to have declared void, in so far as relates to the submission of the local option questions thereat, two certain elections held in the town of Murray, Orleans county, in the month of March in the years 1910 and 1912, respectively. At each of such elections the four local option questions provided for by the Liquor Tax Law (Consol. Laws 1909, c. 34) were submitted to vote, and all were answered in the negative. The action has for its ultimate aim the issuance of a liquor tax certificate, pursuant to the vote upon such questions, prior to such elections.

It must be conceded that a valid submission of such questions can only be had at a lawful election (Matter of Getman, 28 Misc. Rep. 451, 59 N. Y. Supp. 1013); and hence the conclusion here reached is controlling, in effect, upon the ultimate object sought.

[2] Prior to January 12, 1909, town meetings or elections were held in Orleans county on the first Tuesday after the first Monday in November of the odd-numbered years. On that date the board of supervisors of such county, claiming to act under the authority of what is now section 40 (then section 10) of the Town Law (Consol. Laws 1909, c. 62), passed a resolution providing that thereafter the biennial town meetings of that county should be held on the first Tuesday after the first Monday in March, 1910, and of the even-numbered years thereafter. It is upon the claim that such board had no power to so change the time of such town meetings that appellant bases its contentions in this action.

We quote that portion of the above section of the Town Law applicable:

"The board of supervisors of any county may, by resolution, fix a time, when the biennial town meeting in such county shall be held, which shall be either on some day between the first day of February and the first day of May, inclusive, or on the first Tuesday after the first Monday in November of an odd numbered year."

No question of fact is presented by the pleadings, in view of certain concessions made by respondents' counsel upon the argument, so that

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the motion for judgment on the pleadings fairly presents the question involved.

Appellant contends that the elections were illegal, for the reason that one effect of the resolution of the board of supervisors was to extend the term of office of the members of that board from the time their terms would have expired following the election in the fall until the election the following spring, and he cites the case of People ex rel. Smith v. Weeks, 176 N. Y. 194, 68 N. E. 251, in support of that contention. That case has its origin in an application for a writ of peremptory mandamus to compel town clerks of the county of Nassau to file certificates of nomination of various town officers for an election to be held in the fall, pursuant to resolution of the board of supervisors changing the time of such election from spring to fall. It was there held that an election thus contemplated would be invalid by reason of the fact that the resolution extended the terms of office of the officers whose certificates of nomination were sought to be filed. While it is doubtful whether the conclusion there reached would be controlling here upon the question of the illegality of the submission to popular vote of the local option questions, yet we do not find it essential to pass upon that question, in view of the conclusion reached respecting the construction to be placed upon the statute directly involved.

It is also urged by the appellant that the above-quoted provision of the Town Law prohibits the holding of a town meeting in an even-numbered year, he claiming, first, that such is the fair interpretation of the quoted portion of the statute; and, second, that such statute is to be construed in connection with prior statutory enactments upon the same and kindred subjects, and that when so construed a plain legislative policy is evinced to prohibit the holding of town meetings in the even-numbered years.

[3] As to the first contention, the reading of the enactment discloses its fallacy. By that statute the board of supervisors is given a discretion to appoint the time of town meetings at one of two times. The two clauses relating to the time to be selected are joined by the disjunctive "or," which, in its ordinary use, would preclude the carrying over into the first clause of the provision found in the last clause with reference to the odd-numbered years. While it is true that such a literal construction of the word "or" will not be adopted, if its adoption tends to defeat the plain intent of the Legislature, yet, in the absence of such an effect, the disjunctive meaning is to be applied in all cases. Koch v. Fox, 71 App. Div. 288, 292, 75 N. Y. Supp. 913. Here it seems especially clear that the word is used in its disjunctive sense, as it is used in connection with the word "either," and we are referred to no instance where, when so used, it is given its conjunctive meaning.

It would appear, then, that the statute makes separate and distinct provision for the holding of the town meeting in the spring from that for holding it in the fall, and that, unless other reasons compel a different conclusion, nothing stands in the way of a spring town meeting held in an even-numbered year.

[4] In support of his contention that the policy of the state prohibits the holding of town meetings in the even-numbered years, appellant

calls attention to various statutory enactments. It appears that prior to 1897 town meetings were held in even-numbered years, and by chapter 481 of the Laws of 1897 a general scheme was enacted for the future holding of town meetings. The term of office of all town officers elected at the town meeting of 1898 was declared to be one year, and, it was further provided that at a town meeting to be held in the year 1899, in the spring, town officers should be elected, whose terms should be as in the act specified, all of which terms were made either two or four years. From this appellant argues that the provisions of this statute, carried out, compel all town meetings to be held in the odd-numbered years, and that such is the effect of that statute, when considered alone, must be conceded, inasmuch as the scheme was put into operation in an odd-numbered year, and the terms of office were so fixed as to compel the continued election of such officers in odd-numbered years.

There is not, however, and never has been, any express statutory prohibition against the holding of a town meeting in the spring of an even-numbered year, and there is but a single reason apparent why any such policy should or could prove advantageous. That reason has been popularly understood to be the desirability of holding local elections at a different time than that of the presidential or gubernatorial elections. Expression has been given to that policy, in so far as city elections are concerned, by article 12, § 3, of the state Constitution. But full effect is given that policy by so construing section 40 of the Town Law as to permit spring town meetings to be held in even-numbered years, as such could not conflict with either presidential or gubernatorial elections.

There apparently exists no reason, either of public policy or statute, for according to section 40 of the Town Law any other meaning or construction than its plain reading imports, and such interpretation not only does not prohibit spring town meetings in even-numbered years, but expressly permits such to be held.

It follows that plaintiff's motion for judgment was properly denied, and that the order appealed from should be affirmed, with costs. All concur.

KRUSE and ROBSON, JJ., concur in the result.