**RUTH GROSS v. L. GROSS, also known as LEONARD H. GROSS**

18 So. (2nd) 538    June Term, 1944
June 27, 1944    Special Division A
Rehearing denied August 1, 1944

L. J. *Cushman,* for appellant.
*George Chertkof,* for appellee.

PER CURIAM:

Leonard H. Gross and Ruth Gross, husband and wife, during August, 1943, in contemplation of divorce, agreed upon a division of their accumulated property. This agreement was reduced to writing and signed by each of them. Pursuant thereto a divorce suit was instituted in the Circuit Court of Dade County, Florida. The appellant here (the wife) was the plaintiff in this suit and she was awarded a decree of divorce and made a part of the decree was the property settlement agreement of the parties. This decree is dated August 13, 1943.

On September 16, 1943, Ruth Gross filed a petition to annul, vacate and set aside that portion of the final decree relating to the property settlement, expressed by the written stipulations of the parties, and embodied in the final decree awarding divorce. The case at bar is patterned after our holding in Miller v. Miller, 149 Fla. 722, 7 So. (2nd) 9.

The controlling principle in Miller v. Miller, supra, is viz:

"Courts of equity have the power and jurisdiction to grant relief and set aside and annul judgments and decrees obtained by fraud, deceit, artifice or trickery. See Columbus Hotel Corp. v. Hotel Management Co., 116 Fla. 464, 156 So. 893. The burden of proof under the law was on the plaintiff, Blanche H. Miller, to establish by competent evidence fraud, deceit, duress, coercion or overreaching on the part of Raymond F. Miller when obtaining an alimony settlement with her. Agreements were made in good faith, free from fraud, deceit or trickery relating to alimony between husband and

wife, or the adjustment of their property rights, though made in contemplation of divorce, can or may be sustained or upheld by the courts. See Gallemore v. Gallemore, 94 Fla. 516, 114 So. 371; Mooty v. Mooty, 131 Fla. 151, 179 So. 155; Norton v. Norton, 131 Fla. 219, 179 So. 414; Rice v. Rice, 148 Fla. 620, 4 So. (2nd) 850."

The approved procedure for obtaining an order or decree vacating, setting aside, or annulling a final decree, entered by a court of chancery, regular upon its face, and alleged to have been obtained by fraud, deceit, artifice or trickery, or other unlawful means, was a bill of complaint, rather than oral motion or petition for the issuance of the rule *nisi* to show cause. See Lorenz v. Lorenz, 149 Fla. 625, 6 So. (2nd) 620. In the case at bar the established procedure was not followed.

We have carefully studied and analyzed the testimony offered by the appellant (petitioner below and plaintiff in the divorce proceedings) in support of and to sustain the allegations of her petition charging fraud, deceit, artifice or trickery. It is our conclusion that the plaintiff failed and omitted to carry the burden of proof required by law and for this reason it becomes our duty to affirm the decree entered in the cause by the chancellor below.

Affirmed.

BUFORD, C. J., CHAPMAN, THOMAS and ADAMS, JJ., concur.