HENDRY, Judge.
This is an interlocutory appeal growing out of a final judgment of divorce which was entered in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County on February 17, 1969. Therein, the divorce was granted in favor of appel-lee-wife, and an agreement dated January 24, 1969, which established the settlement of property rights, alimony child support and custody, was incorporated in the judgment.
The appellee moved to Dade County with her two children and thereafter, on August 5, 1969, filed the complaint in this cause. She alleged that the appellant had not made full payment to her under his obligation for support and maintenance of the minor children; that he was constantly in arrears as to his payments; that the expenses for support and maintenance had greatly increased; and that in view of the above stated circumstances, she was requesting a modification of the judgment pursuant to § 61.17, Fla.Stat.F.S.A.(1969).
On March 4, 1970, the appellee filed her motion to amend the complaint, which motion was granted by the court. The amendment included paragraph 6 of the complaint, and charged that at the time of the entry of the final judgment of divorce in Pinellas County, the appellee was com *51 pletely unaware of the capital assets of the appellant because the appellant had secreted his assets and made false representations as to his net worth at the time that the property settlement agreement was executed. Paragraph 6 alleged that the appellant achieved the false representation as to his net worth by use of a corporate alter ego.
The appellant contends that paragraph 6, supra, represents a collateral attack on the final judgment, and as such, this cause of action should have been brought before the original court which granted the relief requested. We are compelled to agree with the appellant’s position. As was stated in the case of Macfadden v. Muckerman, Fla.App. 1959, 116 So.2d 448, 449:
"The rule is and has been that those issues that could or have been litigated in the proceedings themselves were not sufficient grounds to collaterally attack a decree which otherwise appears to be valid on its face. [Citations omitted] As opposed to intrinsic fraud, the bill of complaint does not, in our opinion, allege facts which would constitute extrinsic fraud such as the deceased husband’s fraudulently keeping the appellant from defending the action, keeping her in ignorance of the proceedings, or other misconduct that would deprive the wife of an opportunity to have defended the action. See 19 Fla.Jur., Judgments and Decrees, § 431.”
In our opinion, the fraud alleged herein will not support this action in the Circuit Court of Dade County. However, the appellant also contends that the appellee is forever precluded from attacking the divorce decree because of Rule 1.540(b), FRCP, 31 F.S.A. which sets a one year limitation period as to certain attacks on allegedly fraudulently obtained decrees. We cannot agree with that contention. Therefore, the order appealed is reversed without prejudice to make a direct attack on the decree in the Circuit Court in and for Pinellas County, Florida.
Reversed.