317 So.2d 848 (1975)
Margaret E. DEMAGGIO, Appellant,
v.
Biagio Gene DEMAGGIO, Appellee.
No. 74-308.
District Court of Appeal of Florida, Second District.
August 27, 1975.
*849 Frank A. McClung, Brooksville, for appellant.
D.J. Bradshaw of Bradshaw, Wagner & Mountjoy, Inverness, for appellee.
McNULTY, Chief Judge.
This is an appeal from a denial of a motion filed pursuant to Rule 1.540(b)(3), RCP, which seeks relief from a judgment of dissolution of marriage. The issue involved is whether appellant-wife established a sufficient basis for requiring, as a matter of law, a determination by the trial judge that there was fraud in the execution of a separation agreement which was incorporated in the judgment of dissolution. We think there was such a basis, and we reverse.
The parties hereto severed their marital ties after twenty-six years of marriage, for the last twelve of which the wife had been a chronic alcoholic. In fact, within the last two years of the marriage she had been confined no less than three times for treatment. The agreement in dispute here was entered into in September, 1972, within a few days after her last confinement, and her contention is that the circumstances surrounding the entering into of that agreement give rise to a presumption of fraud in the execution thereof. We agree; and the basis for our conclusion is that the appellee-husband unfairly concealed from the wife his true wealth resulting in a grossly disproportionate settlement agreement.
To begin with, it is undisputed that for the last several years the wife was essentially debilitated by her alcoholism. The husband was clearly the dominant figure in the marriage and had accumulated considerable wealth consisting of approximately 200 separate parcels of property which included a home, lots, acreage and business property in Massachusetts and Florida and, in addition, automobiles, boats, savings accounts, mutual funds, tractors and other items of personal property. Most of this property was individually owned by the husband. The wife was never informed nor was she aware of the extent of this wealth, although it's obvious she knew they were able to live most comfortably.
Secondly, at the time the parties entered into the agreement herein the wife was not represented by counsel. At the husband's insistence, the parties went to the office of the husband's attorney who prepared all the necessary papers both for the agreement and for the dissolution proceedings which followed the execution of the agreement. The husband admitted that he arranged the settlement conference, that he told the wife that he intended to seek a dissolution of the marriage but that, if she *850 signed a settlement agreement and "straightened out", he would remarry her in 60 to 90 days (which obviously will not come to fruition).
While the husband testified that he was of the opinion his attorney was fairly representing both parties, the attorney himself denied it saying that he represented only the husband. Both the husband and the attorney admitted that the values of the husband's properties were neither asked for by the attorney nor revealed by the husband; and the attorney testified that he gave the wife no legal advice whatsoever either with regard to the value of the properties involved, all to which she was quitclaiming her interest, or relating to such rights of alimony and/or support to which she may be entitled under the law.
These circumstances alone, we think, indicate a departure from the basic criterion of "fairness" called for in these cases and are sufficient to give rise to the presumption of fraud;[1] but when considered in the light of the grossly disproportionate settlement which is apparent herein they become even more probative thereof. The wife quitclaimed her interest in jointly owned property which, pursuant to the husband's own appraisers, exceeded the value of $140,000. Additionally, the standard of living to which the parties had become accustomed may be illustrated not only by the accumulations of the husband to which we referred earlier but also to the fact, as the husband testified, that on one sojourn to Puerto Rico he lost over $9,000 in a gambling casino. In contrast, the total settlement to the wife was that she receive $500 cash immediately, a deposit in the bank of $12,000 from which she would be allowed to draw only $200 monthly and the payment by the husband of premiums on any insurance policies which the wife owned. Furthermore, it is undisputed that the wife had no separate estate of any kind nor other income from any source other than her current employment at $2.55 an hour as a cleaning woman. She was fifty-four years old at the time of the settlement, debilitated by alcoholism as noted, and with regard to any special training, in the words of the husband, "She can't type. She can't do books. She can't do office work. All she can do is answer the telephone and take the message and then you can't read it." Under the terms of the settlement, she will be totally on her own, with virtually nothing to fall back on, when the $12,000 escrow account runs out in 60 months when she will be 59 years of age.
Withal, the husband being the dominant figure in the marriage having accumulated considerable wealth in non-jointly owned property; the wife being an alcoholic and without independent advice of counsel; the concealment by the husband of his true wealth from the wife and from his own attorney who, at the husband's instance, was advising the parties; and the grossly disproportionate settlement of the marital assets after twenty-six years; all these, we conclude, shout "unfairness" and give rise to the presumption of fraud in the inception of the agreement herein. Moreover, there is no evidence in the record rebutting this presumption; so relief should have been granted under Rule 1.540, supra, and the settlement set aside.
In view whereof, the order appealed from denying such relief should be, and the same is hereby, reversed and the cause is remanded for further proceedings not inconsistent herewith.
HOBSON and GRIMES, JJ., concur.
NOTES
[1] Del Vecchio v. Del Vecchio (Fla. 1962), 143 So.2d 17; McCormick v. McCormick (Fla.App.2d, 1965), 181 So.2d 220.