350 So.2d 794 (1977)
Elaine AUGUST, Appellant,
v.
Fred AUGUST, Appellee.
No. 77-732.
District Court of Appeal of Florida, Third District.
September 20, 1977.
Rehearing Denied November 2, 1977.
*795 Shevin, Shapo & Shevin and David A. Freedman, Miami, for appellant.
Fine, Jacobson, Black, Goldberg & Semet and Mitchell R. Bloomberg, Miami, for appellee.
Before BARKDULL, NATHAN and HUBBART, JJ.
HUBBART, Judge.
By this interlocutory appeal, we are asked to review a trial court order dismissing one count of a post-judgment petition to set aside a final judgment of divorce. In such count, the appellant-wife (Elaine August) alleged that the final judgment should be set aside because of certain misconduct committed by the appellee-husband (Fred August) which led to a property settlement agreement later incorporated into the final judgment. The alleged misconduct consisted of undue influence, duress, and fraudulent concealment of assets. We affirm.
The law is clear that a post-judgment petition to set aside a final judgment on the grounds of fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party must be brought not more than one year after the final judgment is entered. Fla.R.Civ.P. 1.540(b). Since the instant petition was brought approximately eighteen months after the entry of the divorce judgment, the petition was untimely and the trial court properly dismissed it. See Wilder v. Wilder, 251 So.2d 311 (Fla. 4th DCA 1971).
Scales v. Scales, 237 So.2d 50 (Fla. 3d DCA 1970), does not compel a contrary result. In that case, this court held that the proper venue for an action to modify a divorce judgment was in the court which originally entered the judgment. In obiter dicta, the court quite properly rejected a contention made by one of the parties that an attack on the divorce decree was forever precluded because one year had elapsed from the date of the entry of the decree. Fla.R.Civ.P. 1.540(b) specifically provides that an independent action may be filed at any time to relieve a party from a judgment for fraud upon the court. No such independent action has been filed in this case, and, in any event, the alleged fraud herein does not constitute a fraud upon the court. Alexander v. First National Bank of Titusville, 275 So.2d 272 (Fla. 4th DCA 1973).
For the above reasons, the order appealed from is in all respects affirmed.
Affirmed.