362 So.2d 70 (1978)
Annalee ERHARDT, Appellant,
v.
Harold George ERHARDT, Appellee.
No. 77-1936.
District Court of Appeal of Florida, Second District.
August 9, 1978.
Rehearing Denied September 11, 1978.
William D. Keith, of Monaco, Cardillo & Keith, Naples, for appellant.
Richard D. Sparkman, of Sparkman & Hamilton, Naples, for appellee.
PER CURIAM.
Subsequent to the entry of an order granting the motion for default filed by appellant/wife Annalee Erhardt, the trial court entered a final decree of dissolution of the marriage between appellant and appellee/husband Harold George Erhardt on August 19, 1975. Appellant was awarded $300 per month permanent alimony, and appellee was ordered to provide $600 per month child support.
On May 3, 1977 appellee, in an independent action, filed a petition for relief from that final judgment alleging that appellant *71 had fraudulently misrepresented the income of appellee and that the trial court relied on this misrepresentation as a basis for the alimony and child support awards. The petition requested that appellee be relieved of the child support and alimony obligations. It should be noted that at the time the petition was filed appellee was approximately $17,000 in arrears on these obligations. After appellee filed his petition, the trial court in effect reopened the dissolution action and consolidated it with appellee's petition.
At the conclusion of an evidentiary hearing on the petition the trial court found that appellee was not making as much money as appellant had said he was during the dissolution action. However, the court found that no fraud had been committed upon the court, but that appellant had been "working under a bonafide [sic] mistake of fact." The court further ruled that appellee was relieved of the obligations imposed under the previous final judgment of dissolution, including the $17,000 in arrearages. The court directed the husband to begin paying $300 per month child support, but did not require him to pay any alimony. Soon thereafter the trial court entered an amended final judgment in the original dissolution proceedings embodying the above. It is from this amended final judgment that wife appeals.
Rule 1.540(b) of the Florida Rules of Civil Procedure provides in pertinent part:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: ... (3) fraud (whether heretofore denominated intrinsic or extrinsic)... . The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, decree, order or proceeding was entered or taken... . This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order or proceeding or to set aside a judgment or decree for fraud upon the court. (Emphasis added).
Appellee contends that even though the trial court did not find that appellant had committed fraud upon the court he could still be granted relief under the last sentence of Rule 1.540(b). Appellee argues that this final sentence empowers a trial court to entertain petitions for relief seeking either (1) "[relief] from a judgment, decree, order or proceeding" or (2) "to set aside a judgment or decree for fraud upon the court." In other words appellee views the two portions of the final sentence disjunctively and finds two separate grounds for relief, one of which requires a showing of fraud and one of which does not. We reject this reasoning. We read the final sentence to provide only one basis for relief and that requires a showing of fraud upon the court.
As mentioned previously, the trial court found at the conclusion of the hearing that appellee had committed no fraud upon the court. We hold that this finding was supported by the evidence. Therefore, since no fraud was committed upon the court, the court had no power to grant relief under the final sentence of Rule 1.540(b) because appellee's application for relief was untimely.
Accordingly, the amended final judgment is vacated and the final judgment of August 19, 1975 is reinstated.
GRIMES, C.J., and BOARDMAN and SCHEB, JJ., concur.