HENDRY, Judge.
This is a petition for common law certio-rari filed by Robert L. Bernstein, the former husband of the respondent, Beverly J. Bernstein, to review an order of the Circuit Court of Dade County denying his motion to dismiss counts one and two of Mrs. Bernstein’s petition for modification of a final judgment entered by that court on January 27, 1976 in a dissolution of marriage and property settlement suit in which the parties were involved.
The petition for modification was filed on November 17, 1978. In counts one and two it was alleged as grounds for modification of the judgment that Mr. Bernstein was guilty of fraud and concealment in connection with the dissolution and property settlement proceeding.
Mr. Bernstein moved to dismiss the two counts of the petition for modification on numerous grounds among which was that the petition showed on its face that it was grounded under Rule 1.540, Florida Rules of Civil Procedure and that the relief sought was not asserted within the time provided for in such rule, i. e., not more than one year after the judgment, order or proceeding was entered or taken. The trial court took the position that the one year time limitation as set forth in Rule 1.540 Fla.R. Civ.P. is to be calculated from the date of discovery of the alleged fraud and not from the date that the judgment was rendered. The petitioner in this certiorari proceeding seeks quashal of the circuit court’s order denying the motion to dismiss counts one and two of the wife’s petition for modification on the grounds that such order was a departure from the essential requirements of law. We agree. The trial court should have dismissed counts one and two; a post-judgment petition to set aside a final judgment on grounds of fraud, misrepresentation or other misconduct of an adverse party must be brought not more than one year after the final judgment is entered. Fla.R. Civ.P. 1.540(b). Since the instant petition was brought over two years after the entry of the final judgment, the petition was untimely and counts one and two should have been dismissed. August v. August, 350 So.2d 794 (Fla.3d DCA 1977) and Wilder v. Wilder, 251 So.2d 311 (Fla. 4th DCA 1971).
For the reasons stated the petition for writ of certiorari is granted and the order under review is quashed.
It is so ordered.