432 So.2d 704 (1983)
Ruth BROWN, Appellant,
v.
Arthur L. BROWN, Appellee.
No. 82-648.
District Court of Appeal of Florida, Third District.
June 7, 1983.
*705 Horton, Perse & Ginsberg and Arnold R. Ginsberg, Silverstein & Hellman, Miami, for appellant.
Lawrence A. France, North Miami Beach, Scherman & Zelonker and Regina F. Zelonker, Hialeah, for appellee.
Before HENDRY, DANIEL S. PEARSON and JORGENSON, JJ.
DANIEL S. PEARSON, Judge.
The appellant, contesting her former husband's suit to foreclose a mortgage given by her as part of a judicially-approved property settlement agreement, filed a counterclaim alleging that the appellee had fraudulently induced her to execute the property settlement agreement, including the subject note and mortgage, by knowingly and intentionally overvaluing assets in exchange for which, in part, the note and mortgage were given. Earlier the appellant had filed a post-judgment motion in the dissolution action under Florida Rule of Civil Procedure 1.540(b), asking for relief from the final judgment of dissolution on the same ground. That motion was denied as being untimely because filed more than a year after the judgment of dissolution was entered.
Asserting that the denial of Ruth's Rule 1.540(b) motion precluded the filing of the counterclaim in the instant mortgage foreclosure proceedings on the ground of res judicata, Arthur Brown moved to dismiss the counterclaim. The trial court granted Arthur's motion and dismissed the counterclaim with prejudice. This appeal ensued.
The appellant contends that a motion to dismiss a complaint, here the counterclaim, is not an appropriate vehicle for dismissal based on affirmative defenses such as res judicata, see Hough v. Menses, 95 So.2d 410 (Fla. 1957); Vaswani v. Ganobsek, 402 So.2d 1350 *706 (Fla. 4th DCA 1981); In re Estate of Donner, 364 So.2d 757 (Fla. 3d DCA 1978); Chambers v. Chambers, 102 So.2d 171 (Fla. 1st DCA 1958), unless, which is not the case here, the facts supporting the affirmative defense appear on the face of the counterclaim, see Cohen v. Cohen, 70 So.2d 362 (Fla. 1954); Barrentine v. Vulcan Materials Co., 216 So.2d 59 (Fla. 1st DCA 1968). She further argues that even if the fact of the earlier dismissal of her Rule 1.540(b) motion had appeared on the face of her counterclaim, that dismissal, since based solely on the procedural ground of untimeliness under the rule, would not be res judicata on the merits of her present independent action. See, e.g., Miami Super Cold Co. v. Giffin Industries, Inc., 178 So.2d 604 (Fla. 3d DCA 1965); City of Boca Raton v. Sharp, 107 So.2d 271 (Fla. 2d DCA 1958). See also Board of Public Instruction of Dade County v. Dinkines, 278 So.2d 663 (Fla. 3d DCA 1973) (recognizing that independent action to set aside judgment available notwithstanding that motion under Rule 1.540(b) precluded because not brought within a year of entry of judgment); Scales v. Scales, 237 So.2d 50 (Fla. 3d DCA 1970) (same); In re Casco Chemical Co., 335 F.2d 645 (5th Cir.1964).
We agree with these arguments. However, the appellee contends that the dismissal of the counterclaim can be affirmed for the alternative reason that the court's power to entertain an independent action to set aside the more-than-a-year-old judgment is limited to a cause of action for "fraud upon the court" and that appellant's counterclaim contains no such allegations. In support of his position, the appellee relies on Alexander v. First National Bank of Titusville, 275 So.2d 272 (Fla. 4th DCA 1973), and, presumably, Alexander's progeny. Although we agree that appellant's counterclaim does not allege a "fraud upon the court," we entirely disagree with the language in Alexander, and the cases which have uncritically adopted such language, which suggests that Rule 1.540(b) restricts a person's right to bring an independent action attacking a more-than-a-year-old judgment to only those frauds which amount to "fraud upon the court."

I.

Interpretation Of The Rule.

A.
The issue before us is does Rule 1.540(b) provide for independent actions only for "fraud upon the court"? The part of the rule pertinent to this issue is the final sentence of the first paragraph, which reads:
"This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order or proceeding or to set aside a judgment or decree for fraud upon the court."
The rule, first adopted and approved in its present form in 1962, see Barnes and Mattis, 1962 Amendments To The Florida Rules Of Civil Procedure, 17 U.Miami L.Rev. 276, 289 (1963), is expressly noted to be "[s]ubstantially the same as Federal Rule 60,"[1]In re Florida Rules of Civil Procedure, 187 So.2d 598, 631 (Fla. 1966), and is derived from its federal counterpart, Avant v. Waites, 295 So.2d 362 (Fla. 1st DCA 1974). That being the case, and there being nothing in the history of the adoption of the Florida rule to indicate that our Supreme Court intended that its purpose or scope was to be any different than its federal model, we look to the background of the federal rule and the construction given it by *707 federal courts as authority for the correct interpretation of the Florida rule. See Miami Transit Co. v. Ford, 155 So.2d 360 (Fla. 1963) (objective in promulgating Florida Rules of Civil Procedure is to harmonize our rules with federal rules to the extent possible); Savage v. Rowell Distributing Corp., 95 So.2d 415 (Fla. 1957) (where Florida rule of procedure is a verbatim adoption of federal rule, it must be assumed that our Supreme Court intended to achieve the same results that would inure under the federal rule); Zuberbuhler v. Division of Administration, 344 So.2d 1304 (Fla. 2d DCA 1977) (same); Frantz v. Golebiewski, 407 So.2d 283 (Fla. 3d DCA 1981) (interpretations of federal rule persuasive in considering its Florida equivalent); Gross v. Franklin, 387 So.2d 1046 (Fla. 3d DCA 1980) (decisions and commentaries under federal rule of civil procedure are persuasive guidelines to interpretation of state rules closely patterned thereon). See also Pearlman v. Pearlman, 405 So.2d 764 (Fla. 3d DCA 1981); Edgewater Drugs, Inc. v. Jax Drugs, Inc., 138 So.2d 525 (Fla. 1st DCA 1962).

1.
The problem of whether and under what circumstances a final judgment should be assailable involves the clash of two important principles  that litigation must come to an end, see Bros, Inc. v. W.E. Grace Manufacturing Co., 320 F.2d 594, 597-98 (5th Cir.1963), and that justice should be accorded in a particular case, see Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 244-45, 64 S.Ct. 997, 1000, 88 L.Ed. 1250 (1943). In an effort to maintain the proper balance between these two principles, Rule 60(b) of the Federal Rules of Civil Procedure was promulgated.
"The purpose of Rule 60(b) is to define the circumstances under which a party may obtain relief from a final judgment. The provisions of this rule must be carefully interpreted to preserve the delicate balance between the sanctity of final judgments, expressed in the doctrine of res judicata, and the incessant command of the court's conscience that justice be done in light of all the facts. In its present form, 60(b) is a response to the plaintive cries of parties who have for centuries floundered, and often succumbed, among the snares and pitfalls of the ancillary common law and equitable remedies. It is designed to remove the uncertainties and historical limitations of the ancient remedies, but to preserve all of the various kinds of relief which they offered." Bankers Mortgage Co. v. United States, 423 F.2d 73, 77 (5th Cir.1970).
See also 11 C. Wright & A. Miller, Federal Practice & Procedure § 2851 (1973). The authors of the Federal Rule expressly declined to "limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding."[2]Carr v. District of Columbia, 543 F.2d 917, 926 (D.C. Cir.1976); see Lockwood v. Bowles, 46 F.R.D. 625, 629 (D.D.C. 1969); 7 J. Moore & J. Lucas, Moore's Federal Practice ¶ 60.31 (2d ed. 1979); 11 Wright & Miller, supra, § 2868. Thus, they provided:
"This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding ... or to set aside a judgment for fraud upon the court." Fed.R. Civ.P. 60(b).
The rule thus preserved the court's historical equitable power to give relief from judgments where it would be manifestly unconscionable to allow their enforcement. As the Committee Note of 1946 to Subdivision (b) of Rule 60 states:
"Two types of procedure to obtain relief from judgments are specified in the rules as it is proposed to amend them. One procedure is by motion in the court and in the action in which the judgment was rendered. The other procedure is by a new or independent action to obtain relief from a judgment, which action may or may not be begun in the court which rendered the judgment... . If the right *708 to make a motion is lost by the expiration of the time limits fixed in these rules, the only other procedural remedy is by a new or independent action to set aside a judgment upon those principles which have heretofore been applied in such an action. Where the independent action is resorted to, the limitations of time are those of laches or statutes of limitations... . [The Committee] endeavored then to amend the rules to permit, either by motion or by independent action, the granting of various kinds of relief from judgments which were permitted in the federal courts prior to the adoption of these rules, ..." (emphasis supplied).
And in the words of Professor Moore:
"There can be no doubt, then, that the first clause preserved the equitable power of a federal court to entertain an independent action to enjoin the enforcement of, or otherwise give relief from, a judgment on whatever basis chancery would afford relief. And, of course, amended Rule 60(b) reiterates that principle." 7 Moore's, supra, ¶ 60.12 (author's emphasis omitted; emphasis supplied).

2.
The equitable power to give relief from judgments which is preserved in Rule 60(b) traditionally knew but a single limitation: where the ground stated in the bill of review was fraud, review would not be granted unless the fraud was extrinsic. Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. at 261 n. 18, 64 S.Ct. at 1009 n. 18; Fair v. Tampa Electric Co., 158 Fla. 15, 27 So.2d 514 (1946). Thus, equitable relief was historically available "on the ground that, by some fraud practiced directly upon the party seeking relief against the judgment or decree, that party has been prevented from presenting all of his case to the court," United States v. Throckmorton, 98 U.S. 61, 66, 25 L.Ed. 93, 95 (1878), or when it "is manifestly unconscionable to permit enforcement of a judgment resting on after-discovered fraud," Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. at 244-45, 64 S.Ct. at 1000, or against conscience to execute the judgment. Id. See Peacock v. Feaster, 52 Fla. 565, 42 So. 889 (1906). See also Comment, Equitable Relief From Judgments, Orders And Decrees Obtained By Fraud, 23 Calif.L.Rev. 79 (1934). Since Rule 60(b) was intended to preserve the preexisting right to be relieved of judgments procured by extrinsic frauds, see, e.g., Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. at 244-48, 64 S.Ct. at 1000-02; United States v. Throckmorton, 98 U.S. at 66-68; Bankers Mortgage Co. v. United States, 423 F.2d at 77-78; Chicago, R.I. & P. Ry. Co. v. Callicotte, 267 F. 799 (8th Cir.1920); Perrin v. Enos, 56 So.2d 920 (Fla. 1951); Columbus Hotel Corp. v. Hotel Management Co., 116 Fla. 464, 156 So. 893 (1934), it is clear to us that a construction of the rule which limits the ground for relief to "fraud upon the court" is incorrect.
The federal cases which have construed Rule 60(b) leave no doubt as to its meaning  any extrinsic fraud, not merely "fraud upon the court," is a basis for an independent action under the rule. Thus, in Cuthill v. Ortman-Miller Machine Co., 216 F.2d 336 (7th Cir.1954), the broader nature of the independent action under Rule 60(b) was recognized:
"The facts pleaded were sufficient to justify appellant's fears; they brought him within the doctrine enunciated by the Supreme Court in United States v. Throckmorton, 98 U.S. 61 at page 65, 25 L.Ed. 93, where the court said: `Where the unsuccessful party has been prevented from exhibiting fully his case by fraud or deception practiced on him by his opponent as by keeping him away from court, a false promise or a compromise; or where the defendant never had knowledge of the suit, being kept in ignorance by the acts of the plaintiff; or where an attorney fraudulently or without authority assumes to represent a party and connives at his defeat; or where the attorney regularly employed corruptly sells out his client's interest to the other side,  these, and similar cases which show that there has never been a real contest in the trial or hearing of the case, are *709 reasons for which a new suit may be sustained to set aside and annul the former judgment or decree, and open the case for a new and fair hearing.' ... Inasmuch as Rule 60(b) endows the court with power to vacate any fraudulent judgment, plaintiff was entitled to be heard upon his averments. Obviously the District Court has inherent power to investigate such averments of fraud." Id. at 338-39 (citations omitted).
And in Hadden v. Rumsey Products, Inc., 196 F.2d 92 (2d Cir.1952),[3] the court expressly recognized that although the allegations in plaintiff's action to be relieved from execution on the judgment fell short of pleading a fraud upon the court, nonetheless these same allegations, including fraudulent misrepresentation and concealment on the part of the adverse party in obtaining the judgment, were cognizable in an independent action under Rule 60(b). Said the court:
"To do precisely what the warrants of attorney authorized cannot be a fraud upon the court. This does not mean, however, that the judgment debtors cannot attack the Ohio judgment in an independent action in the New York court on charges of fraud in procuring the execution of the note. As already stated, that court has jurisdiction to entertain an independent action to relieve a party from a judgment." Id. at 96.
And see Bankers Mortgage Company v. United States, 423 F.2d 73 (5th Cir.1970); Lockwood v. Bowles, 46 F.R.D. 625. See also Advisory Committee Report, 5 F.R.D. 433, 477-80 (1946); Moore & Rogers, Federal Relief From Civil Judgments, 55 Yale L.J. 623 (1946); Note, History And Interpretation of Federal Rule 60(b) of The Federal Rules of Civil Procedure, 25 Temp.L.Q. 77 (1951); Comment, Rule 60(b): Survey And Proposal For General Reform, 60 Calif. L.Rev. 531 (1972); Kane, Relief From Federal Judgments: A Morass Unrelieved By A Rule, 30 Hastings L.J. 41 (1978); 7 Moore's, supra ¶ 60.01; 11 Wright & Miller, supra § 2851.
It might be argued that if "fraud upon the court" is merely a species of extrinsic fraud, the only purpose in having "fraud upon the court" separately delineated as a ground for an independent action under the rule is to restrict relief to that ground. Such an argument is, however, belied by the history of Federal Rule 60(b). First, it must be remembered that when originally promulgated in 1938, the final sentence of Federal Rule 60(b) contained no mention of an independent action "to set aside a judgment for fraud upon the court." The apparent purpose of the 1946 amendment, which, inter alia, added this clause, was to have the rules completely define the practice with respect to any existing rights or remedies to obtain relief from final judgment and to clarify that the relief previously available to set aside a judgment for fraud upon the court was intended to remain available either by independent action or by motion, as the earlier part of the rule prescribes. See Committee Note of 1946 to Subdivision (b), 7 Moore's, supra ¶ 60.01[8] at 4013-16. Second, the separate provision relating to an independent action "to set aside a judgment for fraud upon the court" preserves a specific form of relief from judgment, generally reserved to the court which rendered judgment, see West Virginia Oil & Gas Co. v. George E. Breece Lumber Co., 213 F.2d 702, 705 (5th Cir.1954); Chicago, R.I. & P. Ry. Co. v. Callicotte, 267 F. 799; Tippins v. Belle Mead Development Corp., 112 Fla. 372, 150 So. 719 (1933); Sapp v. Warner, 105 Fla. 245, 141 So. 124, aff'd, 143 So. 648, motion denied, 144 So. 481 (on recall of mandate) (1932), distinguishable from the form of relief derived from the *710 traditional "bill to impeach or enjoin [which] does not operate to review, undo or reverse the decree or judgment, but merely seeks to deny the other party the fruits thereof." Moore & Rogers, supra at 654.
There is, then, a clear and intended distinction in Rule 60(b) between the independent equitable action for fraud perpetrated by one party against another and an action bottomed on "fraud upon the court."
"Historically there was an `independent' equity action to restrain enforcement of a judgment to avoid unconscionable injustice with `fraud on the court' being the best known but not the exclusive ground for relief. Rule 60 expressly provides that it does not eliminate an `independent' action in the district court either `to set aside a judgment for fraud upon the court' or `to relieve a party from a judgment' on other grounds. 7 J. Moore, Federal Practice ¶ 60.36 et seq." Greater Boston Television Corp. v. F.C.C., 463 F.2d 268, 279 (D.C. Cir.1971) (emphasis supplied).
"`Fraud upon the court' is a special kind of fraud, more serious in scope and implication than fraud sufficient for relief under Federal Rule of Civil Procedure 60(b)(3) [Florida Rule of Civil Procedure 1.540(b)(3)] or as a ground for an `independent action.'" 7 Moore's, supra ¶ 60.33 at 515. See also Dankese Engineering, Inc. v. Ionics, Inc., 89 F.R.D. 154 (D.Mass. 1981). Thus, where an action is grounded on "fraud upon the court," traditional principles of equity, such as laches, the failure of the seeker of equity to do equity, etc., see, e.g., Kearley v. Hunter, 154 Fla. 81, 16 So.2d 728 (1944), which might disentitle one to relief where merely extrinsic fraud is shown, are not applied. As Professor Moore notes: "The court must also distinguish between relief for `fraud upon the court,' for which there is no time limit, from relief by motion, for which there is a one-year limitation, and from relief by independent action, which is limited only by laches." 7 Moore's, supra ¶ 60.01[1] at 4010.

B.
Quite apart from our analysis of Rule 1.540(b) from the standpoint of the history and purpose of its federal predecessor and model, well-accepted rules of construction applied to the very language of the rule mandate the conclusion that the sentence
"This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order or proceeding or to set aside a judgment or decree for fraud upon the court."
preserves two distinct and separate powers of a court over an independent action  the first being the power to entertain an independent action "to relieve a party from a judgment, decree, order or proceeding," and the second, the power to entertain an independent action "to set aside a judgment for fraud upon the court." The first rule of construction is that when the word "or" connects two clauses, the clauses must be viewed as alternatives, with neither clause being a limitation on the other. Pompano Horse Club, Inc. v. State ex rel. Bryan, 93 Fla. 415, 425, 111 So. 801, 805 (1927) ("In its elementary sense the word `or' is a disjunctive particle that marks an alternative, generally corresponding to `either,' as `either this or that'... . It often connects a series of words or propositions, presenting a choice of either."); Smith v. Farley, 155 A.D. 813, 140 N.Y.S. 990 (1913) (clause stating that fall elections could only be held in odd number years did not modify clause relating to spring elections where two clauses separated by the disjunctive "or"); Commonwealth ex rel. Shumaker v. New York & Pennsylvania Co., 367 Pa. 40, 79 A.2d 439, 448 (1951) ("The word `or' differentiates the two kinds [of actions] for the general rule is that the word `or' when joining two clauses precludes carrying over into the first clause provisions found in the last clause... . That is to say the word `or' prevents the second clause from being construed as a limitation on the first."). The second rule of construction is that a relative or qualifying phrase is to be construed as referring to its nearest antecedent. Wright & Seaton, Inc. v. Prescott, 420 So.2d 623 (Fla. 4th DCA 1982). Applying these rules *711 of construction, it is plain that the phrase "for fraud upon the court" modifies the preceding phrase "to set aside a judgment" and does not modify the prior disjunctive "to relieve a party from a judgment, decree, order, or proceeding."
Our conclusion is bolstered when we read Federal Rule 60(b), which contains another disjunctive clause (emphasized below) not found in the Florida rule.
"This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28 U.S.C. § 1655, or to set aside a judgment for fraud upon the court." (emphasis supplied).
It is quite obvious that since under the Federal Rule the words "for fraud upon the court" cannot even arguably be read to qualify the disjunctive clause "or to grant relief to a defendant not actually personally notified as provided in Title 28 U.S.C. § 1655," the phrase "for fraud upon the court" was intended to qualify only the final clause "to set aside a judgment."

II.

The Mischief of Alexander.
Alexander v. First National Bank of Titusville, 275 So.2d 272 (Fla. 4th DCA 1973), involved an appeal from a summary final judgment awarding the plaintiff money to make up a foreclosure deficiency. The defendants, against whom judgment in the earlier foreclosure action had been entered, counterclaimed in the deficiency action, alleging that the plaintiff had misrepresented the amount of the mortgage indebtedness, thereby making the foreclosure judgment the product of a fraud upon the court. The trial court struck the defendant's counterclaim and entered summary judgment for the plaintiff. The appellate court affirmed the trial court's action, declaring  correctly, we think  that the fraud alleged did not amount to a "fraud upon the court"; but further, and herein begins the mischief, that Rule 1.540(b) had eliminated all independent actions except those for "fraud upon the court," and, therefore, all actions to obtain relief from a judgment on the grounds of fraud other than "fraud upon the court" were required to be made by motion under Rule 1.540(b), not by an independent action. Said the court:
"The rule contemplates that the relief on the grounds therein enumerated will be applied for by a motion filed in the same proceeding in which the questioned judgment was entered. See Corrigan v. Corrigan, Fla.App. 1966, 184 So.2d 664, 666. As a concomitant to providing this means for relief from a final judgment, the Florida Supreme Court eliminated  with one exception  the common law writs and equitable remedies which had theretofore been used as procedural devices for obtaining such relief. This is the significance of the last sentence of the rule. Perhaps as a means of protecting the integrity of the court system, the Supreme Court preserved one historic method of attacking a final judgment. The rule preserves:
"`... an independent action to relieve a party from a judgment ... or to set aside a judgment .. . for fraud upon the court.'
"The appellants' counterclaim clearly did not entitle them to relief from the final judgment of foreclosure or the deficiency judgment on any of the numbered grounds specified in Rule 1.540(b), RCP. As demonstrated above, such relief is dependent on a post-judgment motion in the original action. Appellants did not avail themselves of this procedure. The only other procedural means available to them for relief from the judgment (aside from an appeal) was an independent action grounded on `fraud upon the court'." Alexander v. First National Bank of Titusville, 275 So.2d at 273-74 (emphasis in original).
It is quite possible, even probable, that the result reached in Alexander is correct. Although the court makes no reference to the distinction between extrinsic and intrinsic fraud, it does appear that the allegations of the defendant's counterclaim were allegations *712 of intrinsic fraud which historically would not support an action attacking the judgment,[4] and which therefore could only be considered when contained in a timely-made motion under the rule.[5],[6] But the problem with Alexander lies not in its result. Instead, the problem with the case is the court's failure to distinguish intrinsic from extrinsic fraud and to distinguish fraud upon the court (a very special type of extrinsic fraud) from all other extrinsic fraud. By distinguishing only between "fraud upon the court" and all other fraud, whether extrinsic or intrinsic, the court arrives at the conclusion, totally unsubstantiated by the derivation, history, purpose and language of Rule 1.540(b),[7] that (1) the exclusive means for attacking a judgment on a ground other than for fraud upon the court is by "motion filed in the same proceeding in which the questioned judgment was entered," and (2) the exclusive ground for an independent action attacking the judgment is "for fraud upon the court."
Descendants of Alexander abound throughout the state. In Sottile v. Gaines, 281 So.2d 558 (Fla. 3d DCA 1973), this court, citing to Alexander, observed in dicta[8] that "an independent action in another *713 court ... is improper to relieve a party from a judgment in the absence of allegations of proof of a fraud upon the court." Id. at 561. Again, in August v. August, 350 So.2d 794 (Fla. 3d DCA 1977), where the court correctly rejected as untimely a post-judgment motion under Rule 1.540(b) filed in the original action more than a year after judgment, we, again in dicta, went on to repeat the Alexander litany that "an independent action may be filed at any time to relieve a party from a judgment for fraud upon the court." Id. at 795. Implicit in both Sottile and August is that the words "fraud upon the court" qualify both an action for relief from judgment and an action to set aside a judgment. The blurring of any distinction between these actions is, as we have already said, a misreading of the rule.
In Truitt v. Truitt, 383 So.2d 276 (Fla. 5th DCA 1980), although the court correctly reached the result that an independent action to be relieved from a prior judgment based on intrinsic fraud does not lie, compare Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250, with United States v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93, it unnecessarily and erroneously, relying on Alexander and August, declared that the reach of the critical sentence of Rule 1.540(b) was confined to "an independent action to relieve a party from a judgment or order for fraud upon the court." Id. at 277. But as is plain from Hazel-Atlas Glass Co., any extrinsic fraud, not merely fraud upon the court, will support an independent action to be relieved from a judgment.
Nor do we take issue with the result reached in Kimbrough v. McCranie, 325 So.2d 70 (Fla. 1st DCA 1976). There the court held that an independent action alleging that McCranie, in procuring the judgment sought to be set aside, "falsely stated the amount of damages he had sustained," did not lie. As in Alexander, the court could very well have concluded, without discussion, that these allegations were that McCranie had perjured himself in the initial action, an intrinsic fraud cognizable only under a motion in the original cause made within a year of the judgment. However, if the court's final statement, citing to Alexander, that "[a]llegations of that character are appropriate when a judgment is sought to be vacated within one year on grounds of fraud but not when the attack is delayed longer than a year and must therefor rest on a showing of `fraud upon the court,'" id. at 70, is meant to convey that fraud upon the court is the exclusive ground for an independent action, then Kimbrough must take its place alongside the other blind followers of the Alexander dictum.
The last surviving heir of Alexander which we have been able to locate is Erhardt v. Erhardt, 362 So.2d 70 (Fla. 2d DCA 1978). While Erhardt pays no tribute to the progenitorship of Alexander or any other case, its distinct resemblance to Alexander gives us confidence that we are correct about its bloodline. Erhardt, in which the critical allegation in the independent action was that the defendant-wife, in the earlier dissolution proceeding, fraudulently inflated the husband's income in order to procure a higher alimony and child support award, may, as Alexander and Kimbrough, hold no more than the, by now, unremarkable and correct proposition that allegations of intrinsic fraud will not support an independent action. But the language of the court goes much further:
"Appellee argues that this final sentence empowers a trial court to entertain petitions for relief seeking either (1) `[relief] from a judgment, decree, order or proceeding' or (2) `to set aside a judgment or decree for fraud upon the court.' In other words appellee views the two portions of the final sentence disjunctively and finds two separate grounds for relief, one of which requires a showing of fraud and one of which does not.[9] We reject this *714 reasoning. We read the final sentence to provide only one basis for relief and that requires a showing of fraud upon the court." Erhardt v. Erhardt, 362 So.2d at 71.

III.

Mrs. Brown's Counterclaim Alleges An Extrinsic Fraud.
Contrary to the pronouncements in Alexander, Sottile, August, Truitt, Kimbrough and Erhardt, our reading of Rule 1.540(b) is that it permits an independent action to be relieved from a judgment upon allegations of extrinsic fraud or an independent action to set aside the judgment upon allegations of fraud upon the court. Conceding, as we have, that Mrs. Brown's allegations that her husband had fraudulently induced her as part of a judicially-approved property settlement agreement to give a note and mortgage to him, which he now seeks to foreclose and from which foreclosure she seeks to be relieved, do not constitute a fraud upon the court, the question becomes whether such allegations are allegations of extrinsic fraud upon which Florida courts, before the promulgation of Rule 1.540(b), traditionally granted relief. The answer is clearly yes.
In Kearley v. Hunter, 154 Fla. 81, 16 So.2d 728 (1944), several years after the entry of the divorce decree, the wife brought a bill in the nature of a bill of review to set aside a judicially-approved property settlement agreement. The wife alleged that her husband had fraudulently obtained the agreement by concealing his true worth. Although denying the wife relief under the particular facts of the case, the court conceded that the allegations of her action would under other circumstances entitle her to relief.
"If Caroline Kearley Hunter had been diligent in presenting for adjudication the alleged charges of fraud, deceit, artifice or trickery practiced on her by her husband about the time of the rendition of the divorce decree, or prior to the death of her husband, or at a time before the rights of others intervened, as was done in Miller v. Miller, [149 Fla. 722, 7 So.2d 9 (1942)], then she would have been heard by a court of equity." Id. at 730.[10]
In Gross v. Gross, 154 Fla. 649, 18 So.2d 538 (1944), the denial of the wife's petition to annul, vacate and set aside that portion of the final decree of divorce incorporating a property settlement agreement alleged to have been obtained by fraud, deceit, artifice and trickery was affirmed on the ground that the wife had failed in her burden to prove the allegations. Once again, however, the court acknowledged its power to act had the allegations been proved. And see Bubb v. Tison, 47 So.2d 12 (Fla. 1950) (dismissal of bill of review seeking to have court set aside property settlement agreement on allegations of fraud, duress, undue influence, coercion and overreaching by husband in obtaining wife's signature to agreement affirmed on ground that allegations not proved).
These cases are a clear recognition of Florida's traditional rule that allegations, such as those made by the appellant in the instant case, are regarded as allegations of extrinsic fraud empowering a court of equity to grant relief from a judgment procured through such fraud:
"And, by a bill in equity in the nature of a bill of review, equity will for the same causes vacate a judgment or consent decree that has been entered in pursuance of such an agreement, since fraud, deceit, artifice, or trickery employed in procuring a complaining party's consent to a voluntary judgment or decree entered pursuant to a fraudulently procured agreement is regarded as extrinsic fraud, against which equity has jurisdiction to relieve by acting directly upon the consciences *715 of the parties to the agreement which has resulted in such judgment or decree." Columbus Hotel Corporation v. Hotel Management Co., 116 Fla. 464, 476-77, 156 So. 893, 897 (1934) (citations omitted) (emphasis supplied).

IV.

Conclusion
We hold that the appellant's counterclaim alleges facts which show that the judicially-approved property settlement agreement, including the note and mortgage which appellee seeks to foreclose, were procured by fraud; that such alleged facts constitute an extrinsic fraud which, therefore, support an independent action for relief from the judgment of dissolution under Rule 1.540(b). We recede from the dicta in August v. August, 350 So.2d 794 (Fla. 3d DCA 1977), and Sottile v. Gaines, 281 So.2d 558 (Fla. 3d DCA 1973), that suggests that fraud upon the court is the exclusive ground upon which an independent action under Rule 1.540(b) may be based. To the extent that Alexander v. First National Bank of Titusville, 275 So.2d 272; Truitt v. Truitt, 383 So.2d 276; Erhardt v. Erhardt, 362 So.2d 70, and Kimbrough v. McCranie, 325 So.2d 70, may be viewed as precedent for limiting the right to maintain an independent action under Rule 1.540(b) to only such actions which allege "fraud upon the court," we acknowledge our disagreement with these cases. Accordingly, the order dismissing appellant's counterclaim is reversed and the cause remanded to the trial court for further proceedings.
Reversed and remanded.
NOTES
[1] The language of the Florida Rule is identical in all respects to Federal Rule of Civil Procedure 60(b), except that the Federal Rule contains one additional ground for a motion under the rule, i.e., "or (6) any other reason justifying relief from the operation of the judgment," and further provides that the rule does not limit the power of a court "to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C. § 1655." Thus, the final sentence of the first paragraph of Rule 60(b) reads:

"This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C. § 1655, or to set aside a judgment for fraud upon the court."
[2] It has been suggested that even had the rulemakers been so inclined, they would have been powerless to limit the court's power to entertain such actions. 7 Moore's, supra, at 501 n. 9. See State v. Furen, 118 So.2d 6 (Fla. 1960).
[3] It is particularly significant that Cuthill and Hadden, as well as West Virginia Oil & Gas Co. v. George E. Breece Lumber Co., 213 F.2d 702 (5th Cir.1954), and United States v. Jacobs, 298 F.2d 469 (4th Cir.1961), which are to the same effect, were all decided prior to the promulgation of Rule 1.540(b). Presumably, the Florida Supreme Court was aware of the federal court's interpretations of Rule 60(b) at the time it adopted the identical language, and had it not intended Rule 1.540(b) to be construed in this manner, would have modified the language of Rule 1.540(b).
[4] As we have said, the final sentence of the first paragraph of Rule 1.540(b) was intended to preserve all former powers of the court. Since, because of the doctrine of finality, courts were not previously empowered to interfere with judgments alleged to have been procured through intrinsic fraud, they are not empowered to do so under the savings clause of the rule.

"It has frequently been said that where the ground for a bill of review is fraud, review will not be granted unless the fraud was extrinsic. See United States v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93. The distinction between extrinsic and intrinsic fraud is not technical but substantial. The statement that only extrinsic fraud may be the basis of a bill of review is merely a corollary of the rule that review will not be granted to permit relitigation of matters which were in issue in the cause and are, therefore, concluded by the judgment or decree. The classical example of intrinsic as contrasted with extrinsic fraud is the commission of perjury by a witness. While perjury is a fraud upon the court, the credibility of witnesses is in issue, for it is one of the matters on which the trier of fact must pass in order to reach a final judgment. An allegation that a witness perjured himself is insufficient because the materiality of the testimony, and opportunity to attack it, was open at the trial. Where the authenticity of a document relied on as part of a litigant's case is material to adjudication, as was the grant in the Throckmorton Case, and there was opportunity to investigate this matter, fraud in the preparation of the document is not extrinsic but intrinsic and will not support review. Any fraud connected with the preparation of the Clarke article in this case was extrinsic, and, subject to other relevant rules, would support a bill of review." Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. at 261 n. 18, 64 S.Ct. at 1009 n. 18, 88 L.Ed. at 1264 n. 18.
[5] While the rule preserves the distinction between extrinsic and intrinsic fraud in respect to an independent action, it permits a party to file a motion, within the limited period of not more than a year after the judgment, seeking to be relieved of the judgment on the ground of "fraud (whether heretofore denominated intrinsic or extrinsic)." See Fla.R.Civ.P. 1.540(b)(3). Professor Moore is of the view that the intrinsic-extrinsic distinction should not even apply to the independent action: "[L]ittle is to be gained by classifying successful fraud into intrinsic and extrinsic categories; `... the more reasonable course to pursue would be to weigh the degree of fraud and the diligence with which such was unearthed and proceeded on.'" Moore & Rogers, supra at 659 (footnote omitted).
[6] Cases upholding the dismissal of post-judgment motions under the rule as untimely, see, e.g., Bernstein v. Bernstein, 377 So.2d 1011 (Fla. 3d DCA 1979), or granting relief pursuant to a timely motion under the rule, see, e.g., DeMaggio v. DeMaggio, 317 So.2d 848 (Fla. 2d DCA 1975), are inapposite to the present inquiry.
[7] The only case cited in Alexander is Corrigan v. Corrigan, 184 So.2d 664 (Fla. 4th DCA 1966), decided under Rule 1.38, 1954 Florida Rules of Civil Procedure, the predecessor to Rule 1.540. Corrigan simply held that notwithstanding the provision of the rule enabling one to seek relief from fraudulently procured judgments by motion filed in the cause, an independent action to accomplish the same end lied. Although the Corrigan court concluded that the action before it was one alleging fraud upon the court, it did not conclude, and did not even suggest, that the exclusive ground for an independent action was fraud upon the court.
[8] Sottile involved no allegations of fraud whatsoever, and the court's decision that the action to set aside the judgment was barred by res judicata is eminently correct.
[9] It is far more likely that appellee's argument was that there are two separate grounds for relief in the referred-to final sentence, one of which requires a showing of fraud upon the court and one of which does not.
[10] Miller v. Miller, 149 Fla. 722, 7 So.2d 9 (1942), cited by the court in Kearley, acknowledges the power of a court of equity to grant relief from judgments and decrees obtained by fraud, deceit, artifice and trickery.