421 So.2d 551 (1982)
Donna deClaire YOHANAN, Appellant/Cross Appellee,
v.
George F. deCLAIRE, Appellee/Cross Appellant.
Nos. 81-551, 81-819.
District Court of Appeal of Florida, Fourth District.
September 15, 1982.
Rehearing Denied November 30, 1982.
*552 James M. Tuthill of Christiansen & Jacknin, Palm Beach, for appellant/cross appellee.
Edna L. Caruso and Montgomery, Lytal, Reiter, Denney & Searcy, P.A., West Palm Beach, for appellee/cross appellant.
DELL, Judge.
Donna deClaire Yohanan, appeals the trial court's denial of her petition to set aside a final judgment of dissolution for fraud on the court. The petition alleged that appellee, George F. deClaire, misled the court by filing a fraudulent financial affidavit executed pursuant to Fla.R.Civ.P. 1.611. Appellee cross-appeals both the granting of the petition for increase of child support payments and the awarding of a cost and fees judgment to the appellant.
The parties were married in 1958 and divorced in 1977. The final judgment of dissolution incorporated by reference a property settlement agreement which, inter alia, limited the appellee's child support obligations to $100 per child per month. In 1980, appellant filed a petition for increase of child support, citing an increase in both the children's needs and appellee's ability to pay. Appellant subsequently amended her petition to include an independent action to set aside the judgment of dissolution for fraud on the court, pursuant to Florida Rule of Civil Procedure 1.540(b), alleging that appellee committed fraud on the court when he filed a Rule 1.611 financial affidavit that materially misrepresented his income, assets, liabilities and net worth to the court.
After a final hearing on appellant's petition, the trial court entered an order finding that in 1977 appellee fraudulently filed his financial affidavit because it failed to accurately reflect the true facts of his assets and liabilities. Appellee underestimated his net income by approximately $1,775 per month and financial statements submitted to various banks demonstrated a much greater net worth than that shown by appellee's financial affidavit. Despite the trial court's disapproval of appellee's conduct, the trial judge refused to set aside the property settlement agreement. The trial judge found that because appellant had prior to the filing of the dissolution co-signed a financial statement which reflected the appellee's net worth at approximately $500,000 above that stated in his financial affidavit she either knew or should have known of his true net worth. Appellant and her attorney testified that they thought appellee had told the truth in his financial affidavit. The trial court held that appellant had waived her claim to set aside the property settlement agreement because she should have known his true net worth and did not timely contest the property settlement agreement within one year.
The trial court also found that changed circumstances justified an increase in the *553 child support award and entered a cost and fees judgment against the appellee. This appeal and cross appeal followed.
Appellant argues that she had a right to rely on the truthfulness of the appellee's financial affidavit and that his fraudulent filing constituted fraud upon the court. We agree and reverse the trial court's refusal to set aside the property settlement agreement. In all other respects, we affirm the orders below.
It is clear that appellant's independent action to set aside the property settlement agreement was untimely unless the fraud alleged constituted fraud upon the court. Fla.R.Civ.P. 1.540(b); August v. August, 350 So.2d 794 (Fla. 3d DCA 1977). This Court has limited the application of the fraud on the court concept for public policy reasons.
"Fraud on the court" is a somewhat elusive concept. See 7 J. Moore Federal Practice, 1972, ¶¶ 60.33, 60.36, 60.37, and Toscano v. C.I.R., 9 Cir.1971, 441 F.2d 930, 933. If it is given a broad application so as to comprehend any type of misrepresentation by a witness or party which induced an incorrect factual determination by the trier of fact, judgments would be subject to frequent attack by independent actions, and the time for such attacks would be limited only by laches. The policy of the law which favors the termination of litigation suggests that such a broad application of the concept is unwarranted. So too does the policy of Rule 1.540(b), RCP, which promotes non-appellate attacks on a final judgment by motion in the original action  not independent actions.
Alexander v. First National Bank of Titusville, 275 So.2d 272, 274 (Fla. 4th DCA 1973).
Nevertheless, the public policy favoring the termination of litigation must yield in the present case to the public policy favoring the filing of accurate financial affidavits in dissolution actions. The Committee Note to Florida Rule of Civil Procedure 1.611 states that the exchange of financial affidavits "provides a convenient and expeditious method by which the Court and the parties may be told of the financial circumstances of the parties." The financial affidavits required by Rule 1.611 provide the trial court with a quick and efficient way to assess the dissolution situation. Appellee's fraudulent affidavit constituted fraud upon the court because a trial court cannot properly determine what to award the parties or whether to approve a property settlement agreement without a true understanding of the parties' financial condition. Both the trial court and the appellant had an absolute right to rely on the truthfulness of the appellee's financial affidavit. Appellant cannot be said to have waived any rights by so relying. Therefore, we hold that when a trial court determines a financial affidavit required by Rule 1.611 has been filed fraudulently, as was done in the case sub judice, the offending party has committed fraud on the court and the one year time limit in Florida Rule of Civil Procedure 1.540(b) will not bar an independent action to set aside a final judgment of dissolution.
This opinion should serve notice to both litigants and counsel in dissolution proceedings that financial affidavits filed with the court pursuant to Rule 1.611 must be a truthful representation of the parties' income, expenses, assets and liabilities. Estimated figures are permissible where reasonable, West v. West, 399 So.2d 428 (Fla. 5th DCA 1981), and every error does not constitute fraud. However, when the evidence demonstrates that affiant constructed the affidavit to intentionally mislead the court and the other spouse, such conduct will not be tolerated simply because neither the opposing party nor the trial court discovered the fraud within one year.
Accordingly, we reverse and remand with instructions to grant appellant's motion for relief from judgment, to vacate and set aside those portions of the final judgment of dissolution which incorporate the property settlement agreement, and to conduct further proceedings in accord with the principles set forth in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). In all other respects we affirm both the order containing judgment and the amended judgment.
*554 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
GLICKSTEIN and WALDEN, JJ., concur.