456 So.2d 1271 (1984)
John F. DAUGHARTY, Appellant,
v.
Faye Eubanks DAUGHARTY, Appellee.
No. AV-467.
District Court of Appeal of Florida, First District.
September 26, 1984.
Rehearing Denied October 29, 1984.
*1272 Barry L. Zisser of Zisser, Robison, Spohrer, Wilner & Harris, Jacksonville, for appellant.
William H. Maness of Maness & Kachergus, Jacksonville, for appellee.
THOMPSON, Judge.
In this appeal from a partial summary judgment rendered in an independent action to vacate the prior final judgment which dissolved the marriage of the parties and adopted and approved their property settlement agreement, the appellant (husband) asserts that the appellee (wife) failed to plead or prove the perpetration by the husband of the sort of extrinsic fraud which can be denominated fraud upon the court and which will warrant the vacation of a final judgment more than one year old. We agree with the husband's contentions, and reverse.
In her complaint initiating the instant independent action, the wife asserted that the husband's filing of a false financial affidavit in conjunction with the dissolution action amounted to fraud upon the court, and further alleged:
4. Prior to filing the Petition for Dissolution of Marriage, pursuant to which said Final Judgment was entered as aforesaid, the wife agreed to a request by Defendant that she discharge her attorney, *1273 JOHN SULIK, ESQUIRE, and use his attorney, THOMAS H. GREENE, ESQUIRE, who would select an attorney to represent her at the final hearing. Pursuant to that agreement, the wife was sent by Mr. Greene to one PAUL M. HARDEN, Esquire, who did in fact represent her at the final hearing [in the dissolution action].
The complaint includes no allegation of misconduct on the part of attorney Harden, whether by malfeasance, misfeasance, or nonfeasance, and no allegation beyond that quoted above which could even conceivably be construed as a suggestion that the husband improperly influenced the wife in her selection of an attorney or that he in some other manner prevented her from adequately presenting her case in the divorce action. After the husband answered the complaint in this case and moved for summary judgment, the wife filed her own motion for summary judgment, and submitted in support thereof an affidavit in which she asserted, inter alia, that she "was misled by Defendant, aided and abetted by Tommy Greene and Paul Hardin [sic] who purported to represent her interest in the dissolution of marriage proceeding." The trial judge, expressly relying on Yohanan v. DeClaire, 421 So.2d 551 (Fla. 4th DCA 1982) and Brown v. Brown, 432 So.2d 704 (Fla. 3d DCA 1983), concluded that the property settlement portions of the divorce decree should be vacated and set aside.
In Yohanan, the Fourth District Court of Appeal essentially held that the filing of a false financial affidavit in a divorce action would amount to fraud upon the court as a matter of law. Yohanan did not discuss the distinction between intrinsic and extrinsic fraud. In Brown, the Third District Court of Appeal discussed at some length the distinctions between intrinsic and extrinsic fraud, and considered the application of these concepts to the final sentence of the first paragraph of Rule 1.540(b), Fla.R.Civ.P., which provides:
This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order or proceeding or to set aside a judgment or decree for fraud upon the court.
The Brown court concluded that the sentence should be read disjunctively and should be construed as authorizing:
an independent action to be relieved from a judgment upon allegations of extrinsic fraud or an independent action to set aside the judgment upon allegations of fraud upon the court. (emphasis in original)
432 So.2d 704, 714. We find that Yohanan and Brown did support the trial court's decision to grant the relief appellee sought below, i.e., the vacation of the property settlement aspects of the final judgment of divorce. However, in a recent opinion filed after the rendition of the order herein appealed, the Florida Supreme Court quashed the decision of the District Court in Yohanan, and disapproved of the holding in Brown insofar as it purported to authorize independent actions to set aside judgments more than one year old on grounds of fraud other than the type of extrinsic fraud which prevents a party from having an opportunity to present his case in court. See DeClaire v. Yohanan, 453 So.2d 375 (Fla. 1984). Because the principles of law enunciated in Yohanan and Brown have been disapproved by our Supreme Court, we would be without authority to affirm the judgment in this case even if we believed that appellee's complaint properly alleged the perpetration by the husband of an extrinsic fraud. Here, as in DeClaire v. Yohanan, the allegedly false financial affidavit submitted by the husband was before the court which dissolved the marriage of the parties, and the husband's financial condition was or could have been made an issue in that case. Accordingly, the accuracy of the financial affidavit could have been questioned in those proceedings. The appellee had an opportunity to question the accuracy of the affidavit, and, as noted by the Supreme Court in DeClaire:
Public policy has always favored termination of litigation after a party has had *1274 an opportunity for a trial and an appeal of the trial court's judgment.
Here, as in DeClaire, the fraud perpetrated by appellant in connection with the filing of his financial affidavit, if indeed the affidavit was false, was intrinsic fraud and did not constitute fraud upon the court.
Although our Supreme Court's action in quashing the Fourth District's opinion in Yohanan, and in disapproving in part the principles enunciated in Brown, require reversal of the case sub judice, we conclude that this case must be remanded to the trial court with instructions to dismiss the wife's complaint with leave to file an amended complaint should the wife feel that she can properly and in good faith allege misconduct by attorney Harden or collusion between Harden and her husband or her husband's attorney which prevented her from presenting her case in the divorce action. Conduct by an attorney which amounts to connivance at the defeat of his own client, or conduct by a party which prevents an opposing party from fairly presenting his or her claim or defenses does constitute fraud on the court. DeClaire v. Yohanan; Fair v. Tampa Electric Co., 158 Fla. 15, 27 So.2d 514 (1946); Wescott v. Wescott, 444 So.2d 495 (Fla. 2d DCA 1984). The wife's complaint does not allege corruption, collusion, or connivance in her defeat on the part of her attorney but merely alleges that the wife "agreed to a request" that she discharge her former attorney and use some other attorney who would be selected for her by the husband's attorney. Although this allegation would appear to lay the groundwork for some further allegation of corruption or collusion, no such additional allegations appear. While the wife's affidavit in support of her motion for summary judgment does include an averment that she "was misled by Defendant, aided and abetted by Tommy Greene and Paul Hardin [sic] ...," this averment cannot take the place of specific allegations of facts tending to demonstrate misconduct on the part of attorney Harden or specific allegations of facts showing that Harden "connived in her defeat" or "corruptly sold out" her interest. See U.S. v. Throckmorton, 8 Otto 61, 98 U.S. 61, 25 L.Ed. 93 (1878); DeClaire v. Yohanan. It is axiomatic that the facts and circumstances constituting an alleged fraud must be pled with specificity and particularity, even in ordinary civil actions to recover damages. In re Ruch's Estate, 48 So.2d 289 (Fla. 1950); Florida Life Insurance Co. v. Dillon, 63 Fla. 140, 58 So. 643 (Fla. 1912); 27 Fla. Jur.2d Fraud and Deceit § 90, and authorities cited therein. We believe that in a case such as this, where a party seeks to vacate a final judgment which is regular on its face, has been affirmed on appeal, and is more than one year old, the requirement that fraud be pleaded with particularity is even more important than in ordinary civil actions. Because the wife failed to plead or prove that the conduct of the husband, the husband's attorney or the attorney selected for her by the husband's attorney amounted to fraud upon the court, this case must be, and hereby is, reversed and remanded for further proceedings not inconsistent herewith.
SHIVERS and ZEHMER, JJ., concur.