# BOYD v. BOYD
## Case No. 87-840-FR-01
Nineteenth Judicial Circuit, St. Lucie County
July 27, 1988

### APPEARANCES OF COUNSEL

**Osborne W. O'Quinn** for petitioner.

**George L. Williams** for respondent.

### OPINION OF THE COURT

JOHN E. FENNELLY, Circuit Judge.

### *ORDER ON MOTION TO SET ASIDE FINAL JUDGMENT*

This Matter came on for hearing on the Former Wife's Motion to Set Aside the Final Judgment of Dissolution entered on March 3, 1988. The Former Wife alleges that the Former Husband withheld material information in his financial affidavit and relying on *Yohanan v. deClaire,* 421 So.2d 551 (Fla. 4th DCA 1982), argues the judgment was procured through "fraud upon the Court." For reasons that will become apparent in this ruling, the Court notes the Motion was filed within one year of the Judgment and is timely within the meaning of Fla. R. Civ. P. 1.540(d)(b).

The evidence at hearing revealed that prior to entering into this settlement, the Husband obtained an interest in a business enterprise known as Gold Coast Computers. The Court finds that this interest was a partnership in fact. (See generally Fla. Jur. 2nd *Business Associations.*) This interest was not disclosed to the Wife although the evidence clearly reflects the Wife had knowledge of the Husband's interest in a general sense i.e., as a partner.

The evidence further reveals the Husband initially acquired this interest by virtue of a $10,000.00 loan from his mother to the other partner, Ms. Sanowskis. Evidence further established that Mr. Boyd did not reduce this partnership arrangement to writing for the express purpose of insuring that his Wife had no knowledge of his interest in this concern. Shortly after the dissolution, the partnership was terminated on a less than amicable basis.

Mr. Sanowskis and Mr. Boyd did however reach a settlement as reflected in Exhibit 4 in which Mr. Sanowskis agreed to repay the Ten Thousand Dollars to the Husband's Mother. In addition, the Husband received payment of goods and cash in the amount of $6,309.00 as payment for "commission sales generated by Boyd during his employment." The evidence also revealed that Boyd received loans from his mother during the period of his association with Gold Coast that amounted to $7,000.00. Mrs. Knight, the Husband's Mother, testified that as her son had no income during this period she loaned him the money. Based on the foregoing, the Court finds that the Son's actual income from Gold Coast was approximately $525.00 per month. His affidavit clearly reflects a projected income of $1,000.00 per month and that as of that date, he was not deriving income from Gold Coast.

Initially, the Court is constrained to point out that the broad language contained in the *Yohanan* case is not controlling. The Court's research reveals that *Yohanan,* was overruled in *deClaire v. Yohanan,* 453 So.2d 375 (Fla. 1984).

As indicated earlier, however, Fla. R. Civ. P. 1.540(d)(b) provides a remedy for fraud whether demonstrated "extrinsic or intrinsic." As this Motion is filed within one year, relief, if warranted, can be granted.

The evidence, however, demonstrates an arms length settlement reached by parties represented by counsel. In the Court's view, Petitioner has failed to demonstrate fraud by the appropriate evidentiary standards. *Blais v. Blais,* 472 So.2d 783 (Fla. 4th DCA 1985); *Paris v. Paris,* 412 So.2d 952 (Fla. 1st DCA 1982).

The Wife's Motion is in all respects denied.

Each side shall bear its own fees and costs.

**DONE AND ORDERED** at Fort Pierce, St. Lucie County, FLorida, this 27th day of July, 1988.