585 So.2d 328 (1991)
Arthur F. PARKER, Appellant,
v.
Elizabeth A. PARKER, Appellee.
No. 90-2824.
District Court of Appeal of Florida, Fourth District.
July 31, 1991.
Rehearing and Rehearing Denied October 7, 1991.
Arthur F. Parker, pro se.
J. Anne (Jay) Barlous of Stanley J. Narkier, P.A., West Palm Beach, for appellee.
Rehearing and Rehearing En Banc Denied October 7, 1991.
PER CURIAM.
Arthur F. Parker filed a motion to set aside his final judgment of dissolution of marriage approximately eight years after its rendition. Mr. Parker alleged that the judgment was procured through fraud in that his ex-wife lied about assets and other matters. Mr. Parker also alleged that the judgment was void and that his attorney misled him and failed to take appropriate action on Parker's behalf. The trial court granted the ex-wife's motion to strike and Mr. Parker appealed.
*329 First we point out that Florida Rule of Civil Procedure 1.540(b) specifically bars any such motions to set aside judgments, based on fraud, if such motions are not filed within a year from their entry. We find that the type of fraud alleged by Mr. Parker was not the type to overcome the policy of the law which favors the termination of litigation. Yohanan v. deClaire, 421 So.2d 551 (Fla. 4th DCA 1982). Mr. Parker's claim that the judgment is void is without merit, and his complaints about his attorney are best resolved in a separate action, if not time barred, as are his claims against his ex-wife.
Accordingly, we affirm the trial court's striking of the appellant's motion to set aside the final judgment of dissolution in the case at bar. We also grant the ex-wife's motion for attorney's fees pursuant to section 57.105, Florida Statutes (1989), as the appeal filed by Mr. Parker was frivolous. We remand to the trial court to determine the amount to be awarded for attorney's fees.
DOWNEY, GUNTHER and POLEN, JJ., concur.