PER CURIAM.
This is a pro se appeal of a final judgment dismissing a former husband’s suit against the attorney who represented the former wife in dissolution of marriage proceedings which concluded in 1982. We affirm this appeal which is completely devoid of merit.
In 1990, the former husband unsuccessfully attempted to set aside the final judgment of dissolution of marriage alleging fraud. This court affirmed the trial court’s order striking the former husband’s motion as untimely under Florida Rule of Civil Procedure 1.540. Parker v. Parker, 585 So.2d 328 (Fla. 4th DCA 1991).
In 1992, the former husband filed this action against the former wife’s attorney alleging many of the same procedural irregularities that were alleged in his motion to set aside the final judgment of dissolution. In addition, the former husband alleged that various torts were committed against him by his former wife’s counsel during the dissolution proceedings. The trial court dismissed the action holding that the statute of limitations had run.
Even if the former husband’s complaint stated a cause of action in tort against the former wife’s attorney, which we do not find that it does, it is clear that the cause of action would be time barred as *47 the actions complained of occurred over ten years ago. § 95.11, Fla.Stat. (1992 Supp.). As to the former husband’s renewed allegations of procedural irregularities in the dissolution proceedings, these allegations were posited in the former husband’s motion to set aside the final judgment of dissolution, and as we previously held, properly stricken as untimely.
Therefore, we affirm the dismissal with prejudice and award attorney’s fees under section 57.105, Florida Statutes, finding a complete absence of a justiciable issue of either fact or law.
ANSTEAD and WARNER, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.